UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

FATEMA DAHODWALA,

       Defendant-6.
_____/

Case No. 17-20274-06

Hon. Bernard A. Friedman

**MOTION TO DISMISS COUNT EIGHT
AS DUPLICITOUS**

Now Comes Fatema Dahodwala, by her attorney, and moves to dismiss Count Eight of the Third Superseding Indictment and states the following:

1.    Dahodwala is charged in Count Eight of the Third Superseding Indictment with conspiracy to obstruct an official proceeding in violation of 18 U.S.C. §1512(k).  ECF No. 334, PageID.2474-2473.

2.    Count Eight charges two separate conspiracies under §1512(k), which results in a duplicitous Count.

3.    For the reasons more fully explained in the accompanying Brief in Support, Count Eight should be dismissed because it joins "two or more offenses in the same count" contrary to Fed.R.Crim.P. 12(b)(3)(B)(i) and other authorities cited herein.

4. Pursuant to E.D. Mich. L.R. 7.1, undersigned counsel sought the concurrence of Government Counsel in the relief requested, but concurrence was not given.

Respectfully submitted,

/s/ Brian M. Legghio
Brian M. Legghio
Attorney for Defendant Fatema Dahodwala
645 Griswold St. Ste. 2200
Detroit, MI 48226
blegghio@legghiolaw.com

Dated: January 19, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

FATEMA DAHODWALA,

       Defendant-6.
_____/

Case No. 17-20274-06

Hon. Bernard A. Friedman

**BRIEF IN SUPPORT OF MOTION TO DISMISS COUNT EIGHT AS DUPLICITOUS**

In Count Eight of the Third Superseding Indictment, Defendant Fatema Dahodwala is charged with conspiracy to obstruct an official proceeding in violation of 18 U.S.C. §1512(k).  ECF No. 334, PageID.2474-2473.  Dahodwala asserts that Count Eight should be dismissed because the inclusion of two independent §1512(k) conspiracies – each with stand-alone conspiratorial agreements and each allegedly to violate a different substantive obstruction offense:  one conspiracy to allegedly violate §1512(b)(3) and the second to allegedly violate §1512(c)(2), results in impermissible duplicity.

3

Since under Fed.R.Crim.P. 12(b)(3) a motion to dismiss a count for duplicity can be made prior to trial because it is a "motion [that] can be determined without a trial on the merits…", Dahodwala now moves to dismiss Count Eight for the following reasons.

### Count Eight Should be Dismissed because it Alleges Two (2) Seperate Conspiracy Offenses in a Single Count

"An indictment is duplicitous if it joins in a single count two or more distinct and separate offenses." *United States Campbell*, 279 F.3d 392, 398 (6th Cir.2002) Duplicity results in a defective indictment because when a single count alleges two, separate crimes, it threatens the Sixth Amendment guaranty of jury unanimity. *Id.*

> "The vice of duplicity is that a 'jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense.' *Shumpert Hood* at 662. By collapsing separate offenses into a single count, duplicitous indictments 'prevent the jury from convicting on one offense and acquitting on another.' *Id*. Therefore, duplicitous indictments implicate the protections of the Sixth Amendment guarantee of jury unanimity." *Id.*, at 398 (6th Cir. 2002).

Duplicitous counts "call[] into question the unanimity of a verdict of guilty." *United States v. Savoires*, 430 F. 3d 376, 380 (6th Cir. 2005) citing *United States v. Davis*, 306 F.3d 398, 415-416 (6th Cir. 2002).  As the Supreme Court held recently, the right to a unanimous jury is clearly prescribed by the Sixth Amendment: "…whether it's the common law, state practices in the founding era, or opinions and treatises written soon afterward—the answer is unmistakable.  A jury must

4

reach a unanimous verdict in order to convict." *Ramos v. Louisiana*, 590 U.S.\_\_, 140 S.Ct. 1390, 1395 (2020).

Included among the reasons why unanimity protections "guard[] against" convictions based on duplicitous counts is that such convictions may violate "double jeopardy".

> "The vice of duplicity is that there is no way for a jury to convict on one offense and acquit on another offense contained in the same count. A closely related problem is that, because the jurors have two crimes to consider in a single count, they may convict without reaching a unanimous agreement on either. A general verdict of guilty will not reveal whether the jury unanimously found the defendant guilty of either offense, both offenses, or guilty of one crime and not guilty of the other. This uncertainty could prejudice defendant at sentencing, in any appellate review, and in guarding against double jeopardy."

Wright and Leipold, *Federal Practice and Procedure, Federal Rules of Criminal Procedure 8 to 14*, Vol. 1A, §142, pp. 7-8 (4th ed. 2008) (footnotes omitted).

"Duplicity can [also] potentially prejudice the defendant in sentencing, obtaining appellate review, and protecting himself against double jeopardy". *United States v. Washington,* 127 F.3d 510, 512-13 (6th Cir. 1997).

In addition, Sixth Amendment concerns are implicated by a duplicitous count because fatal variances can result from duplicity; in such cases, reversal will result. *United States v. Swafford*, 512 F.3d 833, 842-843 (6th Cir. 2008) (conspiracy conviction reversed where there was evidence of two separate conspiracies, rather than a single conspiracy as charged). A conspiracy count is duplicitous if it charges more than one conspiracy.

5

Here, Dahodwala is charged in Count Eight with conspiracy to obstruct an official proceeding in violation of 18 U.S.C. §1512(k).  (3d Sup. Indictment, ECF No. 334, Page ID#2472-2473).  The plain language of §1512(k) shows that the conspiratorial agreement must include conspiring to commit a specific substantive offense under §1512 as the object of the conspiracy.  Section 1512(k) states: "Whoever **conspires to commit any offense under this section** shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy." (emphasis added).  But here, Count Eight of the Indictment specifically tracks two separate conspiracy agreements, each to allegedly violate distinct substantive offenses in 18 U.S.C. §1512 – §1512(b)(3) and §1512(c)(2) – and thus erroneously charges two distinct conspiratorial agreements in a single count.

Consider first, the substantive offense in section 1512(b)(3), which states:

> (b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
>
> * * *
>
> (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation supervised release,, parole, or release pending judicial proceedings; [footnotes omitted]
>
> shall be fined under this title or imprisoned not more than 20 years, or both."

Second, note the substantive offense in section 1512(c)(2), which states as follows:

6

> "(c) Whoever corruptly—
>
> \* \* \*
>
> (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
>
> shall be fined under this title or imprisoned not more than 20 years, or both."

The charge under Count Eight in the instant matter, Conspiracy to Obstruct an Official Proceeding under 18 U.S.C. §1512(k), alleges two separate conspiracies, with each violating one of the above statutory offenses. The Indictment alleges one agreement to violate §1512(b)(3) (underlining and italics added below) and a distinct and separate agreement to violate §1512(c)(2) (underlining and bolding added below). Count Eight states as follows:

> "56. Paragraphs 1 through 19 of the General Allegations and paragraphs 23 through 26 of the Manner and Means of this Third Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.
>
> 57. From on or about April 10, 2017 and continuing through the date of this indictment, in the Eastern District of Michigan and elsewhere, the defendants, JUMANA NAGARWALA, FAKHRUDDIN ATTAR, FARIDA ATTAR, and FATEMA DAHODWALA, *<u>did knowingly and willfully conspire and agree together and with other persons both known and unknown to the Grand Jury</u> to corruptly persuade each other and other members of the Community, and did attempt to do so, and engage in misleading conduct toward each other and other members of the Community, with the intent to hinder, delay and prevent the communication to law enforcement officers and a judge of the United States of information relating to the commission or possible commission of a federal offense*, **<u>and did also conspire and agree with each other and other persons known and unknown to the grand jury</u> to corruptly obstruct, influence and impede an official proceeding**, all in violation of 18 U.S.C. §1512(k)."

(3rd Sup. Indictment, ECF No. 334, Page ID#2472-2473) (emphasis added).

Review of Count Eight reveals that there are two conspiracies charged within one count: Count Eight first alleges that the conspirators "did knowingly and willfully **conspire and agree**" to "engage in misleading conduct… with the intent to hinder, delay and prevent the communication to law enforcement officers and a judge of the United States of information relating to the commission or possible commission of a federal offense…." (3d Sup. Indictment, ECF No. 334, Page ID#2472, ¶57) (emphasis added). This is the language of §1512(b)(3) and alleges a conspiracy to violate this part of the statute (engaging in misleading conduct to prevent communications).

But, Count Eight goes on to charge another conspiratorial agreement to violate a different substantive offense: that is, the defendants "**did _also_ conspire and agree** with each other and other persons known and unknown to the grand jury to corruptly obstruct, influence and impede an official proceeding, all in violation of 18 U.S.C. §§1512(k)." (_Id_.) (emphasis added). This second part of the Count tracks the language of §1512(c)(2) and alleges a distinct conspiracy to violate this part of the statute (obstructing an "official proceeding").

Accordingly, the way Count Eight is written is such that it alleges two separate §1512(k) conspiracies. The Count states that the defendants "did knowingly and willfully conspire and agree" to violate §1512(b)(3) and "did also conspire and agree" to violate §1512(c)(2). That there are two separate

8

conspiracies alleged in one count is clear from the conjunctive nature of the wording of the Count's description of the conspiratorial agreements, i.e., the defendants are alleged to have conspired and agreed in two separate agreements, with each agreement seeking to allegedly violate one of the two different §1512 substantive offenses.

The critical distinction in all of this is the fact that two conspiratorial agreements are pled in Count Eight – not a single conspiracy alleging multiple substantive offenses as objects. The Sixth Circuit has noted this fine line between what is and what is not permissible pleading – the key being whether or not there is "one overall agreement":

> "'The yardstick in determining whether there is duplicity or multiplicity is whether one offense or separate offenses are charged, and ... this is a difficult and subtle question.' 1A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 142, at 17 (3d ed.1999). However, '[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for '[t]he conspiracy is the crime, and that is one, however diverse its objects.'' *Braverman v. United States*, 317 U.S. 49, 54, 63 S.Ct. 99, 102, 87 L.Ed. 23 (1942) (quoting *Frohwerk v. United States*, 249 U.S. 204, 210, 39 S.Ct. 249, 252, 63 L.Ed. 561 (1919)). **An indictment does not charge multiple conspiracies if there is 'one overall agreement among the various parties to perform different functions in order to carry out the objectives of the conspiracy**;' in this case, 'the agreement among all the parties constitutes a single conspiracy.' *United States v. Mayweather*, 57 F.3d 1071, at *5, 1995 U.S.App. LEXIS 15395, at *15 (6th Cir. June 16, 1995) (unpublished opinion) (citing *United States v. Abraham*, 541 F.2d 1234, 1238 (7th Cir.1976)); see also *United States v. Gordon*, 844 F.2d 1397, 1401 (9th Cir.1988); *United States v. Radtke*, 415 F.3d 826, 838–39 (8th Cir.2005)."

*United States v. Kelley*, 461 F.3d 817, 830 (6th Cir. 2006) (emphasis added). As explained by *Kelley*, Count Eight, as charged, is duplicitous not because it alleges a single conspiracy with multiple objects, but because it does not allege "one overall agreement" – it alleges two: the defendants "did knowingly and willfully conspire and agree" to violate §1512(b)(3) and "did **also** conspire and agree" to violate §1512(c)(2). (3rd Sup. Indictment, ECF No. 334, Page ID#2472-2473) (emphasis added). Count Eight, as pled, is clearly duplicitous as it alleges two wholly separate and distinct conspiracy agreements.

And, to the extent it might be argued otherwise, the language of the only other paragraph in Count Eight (¶56), incorporating other parts of the Indictment by reference (¶¶1-19, 23-26), does not rescue this duplicitous count. The lone potentially relevant incorporated paragraph is paragraph 26, and Dahodwala is not even mentioned among the defendants listed therein: "JUMANA NAGARWALA, FAKHRUDDIN ATTAR, and FARIDA ATTAR instructed others not to speak about FGM procedures that had taken place." (3d Sup. Indictment, ECF No. 334, Page ID#2465, ¶26). And, it is wholly unclear from this language whether the undated, non-specific allegation refers to the Count Eight allegations anyway.

## Conclusion and Relief Requested

The Sixth Circuit holds that in an indictment, "[i]n determining whether there is duplicity or multiplicity the decisive criteria are legislative intent and separate proof." *United States v. Duncan*, 850 F.2d 1104, 1108, n. 4 (6th Cir. 1988) (*overruled on other grounds*). Here, there are two separate 18 U.S.C. §1512(k) conspiracies pled in one count. These are pled as distinctly independent agreements: one agreement to allegedly violate §1512(b)(3) and one additional and separate agreement to allegedly violate §1512(c)(2). The result is "two… distinct and separate offenses" joined in a single count. *Campbell*, 279 F.3d at 398. This duplicity requires that Count Eight be dismissed.

For all of these foregoing reasons, Fatema Dahodwala moves to dismiss Count Eight.

Respectfully submitted,

/s/ Brian M. Legghio
Brian M. Legghio
Attorney for Defendant Fatema Dahodwala
645 Griswold St. Ste. 2200
Detroit, MI 48226
blegghio@legghiolaw.com

Dated: January 19, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No. 17-20274-06

v.

                                                Hon. Bernard A. Friedman

FATEMA DAHODWALA,

       Defendant-6.

_____/

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notice to all ECF-registered attorneys of record.

                                                Respectfully submitted,

                                                <u>/s/ Brian M. Legghio</u>
                                                Brian M. Legghio
                                                Attorney for Defendant Fatema Dahodwala
                                                645 Griswold St. Ste. 2200
                                                Detroit, MI 48226
Dated: January 19, 2021                blegghio@legghiolaw.com