UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FATEMA DAHODWALA,

        Defendant-6.
_____/

Case No. 17-20274-06

Hon. Bernard A. Friedman

**MOTION TO DISMISS COUNT EIGHT FOR INSUFFICIENT PLEADING UNDER FED.R.CRIM.P. 7(c)(1) and 12(b)(3)(B)(v)**

Now comes Fatema Dahodwala, by her attorney, and moves to dismiss Count Eight of the Third Superseding Indictment and states the following:

1.    Dahodwala is charged in Count Eight of the Third Superseding Indictment with conspiracy to obstruct an official proceeding in violation of 18 U.S.C. §1512(k).

2.    In addition to Count Eight charging two separate conspiracies under §1512(k), resulting in a duplicitous Count (the subject of which is addressed in a concurrently filed motion by Dahodwala), Count Eight fails to meet the basic pleading requirements of Fed.R.Crim.P 7(c)(1).

3.    For the reasons more fully explained in the accompanying Brief in Support, Count Eight should be dismissed due to its failing to properly state a

1

claim in conformance with Fed.R.Crim.P. 7(c)(1), 12(b)(3)(B)(v), and other authorities cited therein.

    4.    Pursuant to E.D. Mich. L.R. 7.1, undersigned counsel sought the concurrence of Government Counsel in the relief requested, but concurrence was not given.

                                Respectfully submitted,

                                /s/ Brian M. Legghio
                                Brian M. Legghio
                                Attorney for Defendant Fatema Dahodwala
                                645 Griswold St. Ste. 2200
                                Detroit, MI 48226
Dated: January 19, 2021          blegghio@legghiolaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FATEMA DAHODWALA,

        Defendant-6.

_____/

Case No. 17-20274-06

Hon. Bernard A. Friedman

**BRIEF IN SUPPORT OF MOTION TO DISMISS COUNT EIGHT FOR INSUFFICIENT PLEADING UNDER FED.R.CRIM.P. 7(c)(1) and 12(b)(3)(B)(v)**

The procedural history of the charged offenses in this case has had an inversely proportional trajectory when it comes to the charging of the Conspiracy to Obstruct Justice Count (originally Count Seven, now-Count Eight). ECF No. 334, PageID.2474-2473. From the original Indictment forward, as this Count has increased in parties charged and enlarged the time period of offense conduct, it has correspondingly narrowed in terms of specificity of the charged conduct. In the current Indictment (the Third Superseding), Count Eight as written fails to fairly inform Dahodwala of the specific charge against which she must defend and accordingly runs contrary to the requirements of Fed.R.Crim.P. 7(c)(1).

Since defects in the Indictment can be challenged prior to trial, Fed.R.Crim.P. 12(b)(3)(B), Dahodwala moves to dismiss Count Eight, as follows.

### Count Eight Should be Dismissed Under Fed.R.Crim.P. 7(c)(1) and 12(b)(3)(B)(v)

Under Fed.R.Crim.P. 7(c)(1), in general, an indictment must:

> "…be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."

One of the main purposes of an indictment is to fully inform a defendant of the charges, in addition to setting forth the elements of the charged offense and, depending on the outcome, adequately ensure double jeopardy protections. This is Supreme Court law as followed in this Circuit. "'[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United*

*States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010), quoting *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887 (1974).[1]

The Supreme Court in *Hamling* held that while listing all the elements of the charged offense may be sufficient, the long held rule is that a "'general description of the offense… must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'" *Hamling*, 418 U.S. at 117-118, quoting *United States v. Hess*, 124 U.S. 483, 487, 8 S.Ct. 571, 573 (1888).

Here, Count Eight fails to satisfy these Supreme Court directives because, while listing the elements of two separate, duplicitous obstruction conspiracy offenses under one count (dismissible for wholly independent reasons as argued in Dahodwala's concurrent motion), the Count does not "fairly inform[]" her nor include even a basic "statement of the facts and circumstances as will inform the accused of the specific offence" charged. As applied here, first, a review of some procedural history is in order.

In the First Superseding Indictment[2], the Conspiracy to Obstruct an Official Proceeding offense was charged as Count Seven under 18 U.S.C. §1512(c)(2), (k).

---

[1] Count Eight also should be dismissed for duplicity, as further discussed in Dahodwala's concurrently filed Motion to Dismiss Count Eight Pursuant to Fed.R.Crim.P. 12(b)(3)(B)(i) Due to Duplicity in the Indictment.

(1st Sup. Indictment, ECF No. 58, Page ID#516-518). It was considerably more factually descriptive than the now-current Third Superseding. The First Superseding incorporated paragraphs 1-5, 11-12, 15 and "paragraph 7 of the Manner and Means" (which is presumably as to Count 1). (*Id.*, Page ID#516, ¶26). These paragraphs generally describe FGM, and state that Dahodwala is a "member[] of the Community". There are no other relevant factual references to her in the incorporation by reference paragraphs. (*Id.*, Page ID#507-510, 512).

The elements of the offense were alleged also, but then-Count Seven is more descriptive factually (at least when compared to the current now-Count Eight in the Third Superseding). In the First Superseding, it was alleged that the conduct occurred in a specified and narrow time period, April 10 through April 21, 2017. (*Id.*, Page ID#516, ¶27). It generally alleged the purpose of the conspiracy and more specifically that Dahodwala "made false statements to law enforcement and other investigating agencies regarding whether FGM procedures took place, or were, in fact, taking place after speaking with JUMANA NAGARWALA, FAKHRUDDIN ATTAR, and FARIDA ATTAR." (*Id.*, Page ID#518, ¶33).

When the current Indictment (the Third Superseding) was issued in September 2018, however, the entirety of Count Eight, Conspiracy to Obstruct an

---

[2] Dahodwala was not charged in the conspiracy count in the original Indictment (or in any part of that indictment, for that matter). (See Indictment, ECF No. 16, Page ID#91-103).

6

Official Proceeding under 18 U.S.C. §1512(k), charging Nagarwala, both Attar defendants and Dahodwala, stated in its entirety, as follows:

> "56.  Paragraphs 1 through 19 of the General Allegations and paragraphs 23 through 26 of the Manner and Means of this Third Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.
>
> 57.  From on or about April 10, 2017 and continuing through the date of this indictment, in the Eastern District of Michigan and elsewhere, the defendants, JUMANA NAGARWALA, FAKHRUDDIN ATTAR, FARIDA ATTAR, and FATEMA DAHODWALA, did knowingly and willfully conspire and agree together and with other persons both known and unknown to the Grand Jury to corruptly persuade each other and other members of the Community, and did attempt to do so, and engage in misleading conduct toward each other and other members of the Community, with the intent to hinder, delay and prevent the communication to law enforcement officers and a judge of the United States of information relating to the commission or possible commission of a federal offense, and did also conspire and agree with each other and other persons known and unknown to the grand jury to corruptly obstruct, influence and impede an official proceeding, all in violation of 18 U.S.C. §1512(k)."

(3rd Sup. Indictment, ECF No. 334, Page ID#2472-2473).  This language represents a substantial change from the First Superseding Indictment as to this Count.

Consider first that the incorporated by reference paragraphs (as noted in ¶56) only state that Dahodwala is a resident of Oakland County, Michigan and a "member[] of the Community".  While it is stated in ¶1 that "[s]ome members" of the "Community" are "are known to practice" FGM, the reference to the "Community" in that paragraph, importantly, refers to the group as a whole rather than the subgroup of "some members".  (*Id*., Page ID#2461, ¶1).  Accordingly, the reference to Dahodwala as a member of the "Community" in ¶ 19 only alleges that

she is a member of the Community, not the subgroup of "some members" allegedly known to practice FGM. (*Id.*, Page ID#2461, 2463, ¶¶1, 19). And, in the "Manner and Means" paragraphs incorporated by reference (¶¶23-26), there is no mention of Dahodwala. (*Id.*, Page ID#2465). The remaining paragraph of Count Eight (¶57) is bereft of any specific facts. (*Id.*, Page ID#2472). But, despite the diminished factual description, the potential offense conduct has been broadened greatly. As seen above, the time period of the alleged offense conduct has expanded from *one and a half weeks* (in the First Superseding) to *one year and five months* (in the now-current Third Superseding). (*Id.*, Page ID#2472, ¶57).

Accordingly, when comparing the current Third Superseding Indictment to the First, the current Indictment already is substantially running afoul of Fed.R.Crim.P. 7(c)(1): less facts, and only generalized conduct spanning a time period approximately 16 months longer.

But, in addition, some important events have occurred which even further impair the sufficiency of the obstruction conspiracy count (which, again, is now Count Eight) since the Third Superseding Indictment was filed in September, 2018. First, this Court dismissed Counts One through Six. (Opinion, ECF No. 370, Page ID#3077-3104). The Government then moved to voluntarily dismiss an appeal of this Court's Order, which was granted by the Sixth Circuit. (6th Cir. 19-1015, R.

49). What is left now[3] is only Count Eight – but what is now also missing is even the "incorporation by reference" factual statements housed in the now-dismissed Count 1. These paragraphs, specifically ¶¶ 23-26 which alleged FGM procedures, did not even mention Dahodwala anyway. (*Id.*, Page ID#2465). For Dahodwala, what remains of Count Eight are the general, non-factual statements in ¶57 and that she is a resident of Oakland County, Michigan and a "member[] of the Community", but not specifically alleged to be a member of the subgroup of those allegedly practicing FGM. The effect of all of this is to render, undoubtedly, Count Eight insufficiently pled and violative of Fed.R.Crim.P 7(c)(1).

### The Fifth Circuit's Deficient Indictment Reversal in *Murphy*

The Fifth Circuit has reversed in an obstruction case where the deficient indictment had even more information than that here. In *United States v. Murphy*, 762 F.2d 1151 (5th Cir. 1985), defendants were charged with violating 18 U.S.C. §1512(a)(1) by intimidating a witness. There, the indictment charged both the specific date of the alleged intimidation and the witness allegedly intimidated. *Id.*, 1153. The Court found that the lack of identification of the specific "official proceeding" was fatal to the sufficiency of the indictment. "Crucial to preparation of any defense to a charge under the statute is at least some indication of the identity of the proceeding in which the defendant tried to influence testimony. The

---

[3] The Court also dismissed Count Seven, and the Government voluntarily dismissed its appeal, but this has no bearing on Dahodwala's instant motion.

indictment at issue here presented no such indication, and as such it did not 'sufficiently apprise [ ] the defendant[s] of what [they] must be prepared to meet.'" *Id.*, 1154, quoting *Russell v. United States*, 369 U.S. 749, 763, 82 S.Ct. 1038 (1962). And, the onus was not on the defense to have moved for a Bill of Particulars to cure this problem. As the *Murphy* Court said: "The government maintains that appellants should have moved for a Bill of Particulars under Fed.R.Crim.P. 7(f) if they had wanted more definite information than was provided in the indictment. This argument is specious, since it has long been settled law that an invalid indictment cannot be cured by a Bill of Particulars." *Id.*, citing *Russell v. United States*, 369 U.S. at 770.

The reversal in *Murphy* is notable since that indictment carried even more factual description than the instant one. In *Murphy*, a specific person was alleged to be intimidated. Here, there is nothing specific regarding the alleged conduct at issue, nor (like *Murphy*) no identification of any official proceeding allegedly obstructed. There is no identification of either a Judge or "law enforcement officer" either. 18 U.S.C. §1512(b)(3). In contrast to the single day of alleged conduct in *Murphy*, the expansive term of alleged conduct here spans one year and five months with even less detail. And, even though *Murphy* dealt with a substantive offense under §1512 (rather than the instant §1512(k) conspiracy charged), it is still instructive for our purposes here: the count is bereft of "such a

10

statement of the facts and circumstances as will inform the accused of the specific offence" with which she is charged. *Hamling*, 418 U.S. at 117-118.

### Prior Indictments and the Lack of an Overt Act Requirement do not Cure the Deficient Indictment

Two final points: first, the Indictment deficiency cannot be cured by relying on some implied incorporation by reference to the prior Indictments. The superseded Indictments are of no effect anymore. *United States v. Goff*, 187 Fed. Appx. 486, 491 (6th Cir. 2006) ("Indeed, just as an amended complaint supplants the original complaint and becomes the only live complaint in a civil case…a superseding indictment supplants the earlier indictment and becomes the only indictment in force.") (citation omitted); *United States v. Broecker*, 2012 WL 2050251 at *2 (W.D. Ky. 2012) ("While a district court may dismiss a superseding indictment where sufficient grounds exist to do so and thereby reinstate a preceding indictment … it does not have the discretion to choose to proceed on an indictment that is superseded, just as it may not proceed on a civil complaint that is amended by a subsequent complaint.") (citation omitted); *Parks v. Federal Exp. Corp.*, 1 Fed. Appx. 273, 277 (6th Cir. 2001); *United States v. Groenendal*, 2020 WL 3046010 at *18 (U.S.D.C. W.D. Mich. 2020) ("The third indictment superseded the others; thus, only the charges in the third indictment mattered at Defendant's trial."); *United States v. Conley*, 2016 WL 2349055 at *3 (N.D. Ohio 2016).

And, even if §1512(k) could be read to not explicitly require an overt act, *arguendo*, that would not change the conclusion here: two separate conspiratorial agreements are pled which allege violations of two separate §1512 offenses and with conduct spanning one year and five months, with no description which "fairly informs" Dahodwala of the actual charge against which she must defend. *Anderson*, 605 F.3d at 411 quoting *Hamling*, 418 U.S. at 117.

## Conclusion and Relief Requested

For these reasons, Dahodwala moves to dismiss Count Eight.

Respectfully submitted,

/s/ Brian M. Legghio
Brian M. Legghio
Attorney for Defendant Fatema Dahodwala
645 Griswold St. Ste. 2200
Detroit, MI 48226
blegghio@legghiolaw.com

Dated: January 19, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                Case No. 17-20274-06

v.

                                                  Hon. Bernard A. Friedman

FATEMA DAHODWALA,

       Defendant-6.

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notice to all ECF-registered attorneys of record.

                                                  Respectfully submitted,

                                                  /s/ Brian M. Legghio
                                                  Brian M. Legghio
                                                  Attorney for Defendant Fatema Dahodwala
                                                  645 Griswold St. Ste. 2200
                                                  Detroit, MI 48226
Dated: January 19, 2021             blegghio@legghiolaw.com